FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

NOV 21 2019
BROOKLYN OFFICE


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

YAIR ISRAEL BABAYOFF,

    Plaintiff,

v.

CITY OF NEW YORK, NEW YORK POLICE
DEPARTMENT, OFFICER JOHN DOE JANE
DOE 84TH PRECINCT 1 through 10 inclusive;
SOLOMIN FACHLAEV,

    Defendants.

------------------------------------------------------------X

MEMORANDUM
AND ORDER
19-CV-5358 (WFK)(RLM)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 13, 2019, *pro se* plaintiff Yair Israel Babayoff, commenced this civil rights action pursuant 42 U.S.C. §§ 1983 and 1988 alleging a claim of unlawful arrest and detention. He named as defendants the complaining witness, Solomon Fachlaev, the NYPD, the City of New York and ten "Doe" police officers and detectives employed by the 84th Precinct involved in his September 2016 arrest.

On October 11, 2019, this Court dismissed Plaintiff's § 1988 claim and his § 1983 claims against the City of New York, the NYPD and Fachlaev for failure to state a claim on which relief may be granted. The Court also granted Plaintiff leave to file an amended complaint to name proper defendant(s) (individual police officers who are responsible for the alleged deprivation of his constitutional rights) and to give those defendants notice of the claims against them as required by Fed. R. Civ. P. 8 (a)(2) (a complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). The Order further provided that if plaintiff was unable to provide the names of the defendants who were personally involved, he

1

could label them a Doe defendant and, to the best of his ability, describe each individual and the role she or he played in the alleged deprivation of plaintiff's rights.

On November 7, 2019, Plaintiff's submitted an amended complaint. There are no allegations against any individual police officers in the amended complaint.[1] Thus, Plaintiff's amended complaint fails to sufficiently allege the personal involvement of any defendants in his arrest. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). "A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law." *Gaines v. Armor Health Care, Inc.*, No. 12-CV-5663, 2013 WL 6410311, at *3 (E.D.N.Y. Dec. 9, 2013) (citing *Costello v. City of Burlington*, 632 F.3d 41, 48-49 (2d Cir. 2011)); *Washington v. Kelly*, No. 03-CV-4638 (SAS), 2004 WL 830084, at *3

---

1     The sole mention of individual police officers is found in the NYPD complaint form that plaintiff attaches as an exhibit to his amended complaint. Am. Compl. at 18-20. Plaintiff does not make any allegations against the 107th Precinct officers listed therein, nor may the attachment be liberally construed as asserting a false arrest claim against them.

The NYPD complaint form verifies plaintiff's own allegation that Fachlaev advised the NYPD of the alleged assault against him. Am. Compl. at ¶ 16. Fachlaev's September 24, 2016 report to the police provided the NYPD with the probable cause to arrest Plaintiff that defeats Plaintiff's false arrest claim. "[P]robable cause to arrest exists when the officers have ... reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed ... a crime." *Weyant v. Okst*, 01 F.3d 845, 852 (2d Cir. 1996); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir.1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with a crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."); *Daniels v. City of New York*, No. 03 CIV. 0809 (GEL), 2003 WL 22510379, at *4 (S.D.N.Y. Nov. 5, 2003) (dismissing false arrest complaint where complaint to police by putative victim of assault provided probable cause to arrest plaintiff).

(S.D.N.Y. Apr. 13, 2004) (dismissing false arrest claim where plaintiff failed to allege that defendant "was personally involved in his arrest"). Therefore, the claims against the Doe defendants are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

To the extent Plaintiff seeks to raise false arrest claims against defendants that have been dismissed (the NYPD, the City and defendant Fachlaev),[2] those claims are also dismissed for failure to state a claim on which relief may be granted as set forth in the Court's October 11, 2019 Order and because Plaintiff's own allegations provide probable cause for his arrest.

## CONCLUSION

Plaintiff's amended complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/WFK

Dated: Brooklyn, New York
November 20, 2019

WILLIAM F. KUNTZ, II
United States District Judge

---

[2] The amended complaint is nearly identical to the complaint. Its few additions concern plaintiff's assertion that the NYPD was without jurisdiction or probable cause to arrest him because the complaining witness and alleged victim, Solomon Fachlaev, submitted a second complaint to the NYPD "two weeks" after his September 13, 2016 complaint to federal authorities and he showed "no signs of injury" from the September 6, 2016 alleged assault at the Bankruptcy Court located at 271-C Cadman Plaza. Am. Compl. at ¶ 16, 72. He also alleges that Fachlaev bribed the NYPD to arrest Plaintiff so that Plaintiff would pay his alleged debt and that the police did not have probable cause for arrest because Fachlaev was not actually injured in the assault. Am. Compl ¶ 72, 74.